UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Gladys Marie Norfleet Williams** § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL NO. : 1:16-CV-00140 |
| § | |
| § | |
| **Dearborn National** § | |
| **Life Insurance Company** § | |
| § | |
| § | |
| *Defendant* § | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Gladys Marie Norfleet Williams, Plaintiff herein, complaining of Dearborn National Life Insurance Company, (hereinafter referred to as "Dearborn"), and for cause of action would show:

1. At the time of the actions giving rise to this Complaint, Plaintiff was a resident of Austin, Travis County, Texas.

2. Defendant, Dearborn, is an insurance corporation duly and legally formed under the laws of the state of Illinois, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, Andrew MacRae, Levatino Pace, LLP, 1101 South Capital of Texas Highway, Building K, Suite 125, Austin, Texas 78746.

3. Jurisdiction is appropriate in this court as the matter in controversy arises between citizens of

4. different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

5. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant, Dearborn, set forth herein have been performed or have occurred.

6. By virtue of her employment as a Senior Administrative Associate with the University of Texas, Plaintiff was eligible for disability benefits with Dearborn.

7. Plaintiff entered into a contract with Dearborn. Dearborn promised to pay benefits under a policy entitled "Long Term Disability Policy" in exchange for premiums paid by Plaintiff.

8. Plaintiff suffered a series of strokes in 2011 resulting in cognitive impairment, expressive asphasia, acalculia, and left side weakness. Her condition has been complicated by aortic aneurysms, hypothyroidism subsequent to thyroid cancer, insomnia, sleep apnea, post traumatic stress disorder, and depression. Her last day of work was August 12, 2011. She filed a claim for benefits and was initially approved, but was subsequently denied effective May 11, 2014.

9. Plaintiff filed an appeal of Dearborn's denial of her benefits on February 20, 2015. Her appeal was denied on May 22, 2015. Plaintiff has exhausted her administrative remedies.

10. Defendant Dearborn breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under her policy, Defendant wrongfully and with malice discontinued benefits which should have been covered.

11. Plaintiff's long term disability contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled. Assuming a benefits start date of May 12, 2014, a maximum gross monthly benefit of $2,406.00 per month, and a $1,336.00 monthly Social Security Disability offset, Plaintiff's past due long term benefits to date total $20,363.43.

Future benefits for the period December 31, 2015 to October 11, 2020 total $61,406.82. All told, Plaintiff is owed $81,770.25 in past and future disability benefits.

12. In addition to breaching its contract of insurance, Defendant violated certain provisions of the Texas Insurance Code. Defendant engaged in unfair, deceptive acts, and made material misrepresentations to Plaintiff about the terms of the contract and the benefits payable under the contract. As a result of Defendant's conduct, Plaintiff was compelled to hire an attorney and institute this law suit.

   A. Section 541.060 (a)(2)(A) – Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability was clear.

   B. Section 541.060 (a)(7) – Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim.

13. All of the above violations fall under Subchapter B of the Texas Insurance Code defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages plus treble damages, plus attorney's fees, and interest. Tex. Ins. Code § 541.152.

14. Defendant engaged in unfair claim settlement practices as defined under the Texas Insurance Code.

   A. Section 542.003 (b)(3) – Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

   B. Section 542.003 (b)(4) – Defendant did not attempt in good faith to effect a prompt,

fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

    C.    Section 542.003 (b)(5) – Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

15. All of the above violations fall under Subchapter 542 of the Texas Insurance Code and are defined to be unfair claim settlement practices. Plaintiff is, therefore, entitled under the Insurance Code to recover his damages, plus attorney's fees, and interest at a rate of 18%. Tex. Ins. Code § 542.060.

16. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power afforded under § 37.001 et. Seq. of the Texas Civil Practice and Remedies Code, and declare the specific rights and status of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy.

17. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees which are equitable and just under § 37.009 of the Texas Civil Practice and Remedies Code, § 38.001 of the Texas Civil Practice and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code.

18. Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein and answer, and that Plaintiff recover her damages, statutory additional damages, treble damages, exemplary damages, reasonable attorney's fees, and costs incurred in prosecuting this lawsuit as well as pre- and post-judgment interest at the highest lawful rates, costs of court, clarification of his right to receive future benefits under the policy, and for such other general relief to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____
GREG REED
State Bar No. 16677750